UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEVON SHIVERS,

                 Plaintiff,

v.

UNKNOWN BRISKE, et al.,

                 Defendants.

_____/

Case No. 1:24-cv-298

Honorable Phillip J. Green

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge.  (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is required to conduct this initial review prior to the service of the complaint.  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Porter, Monroe, and Fink. The Court will also dismiss, for failure

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

to state a claim, the following claims against Defendant Briske: Plaintiff's due process claim and his Eighth Amendment claim based on verbal harassment and the writing of a false misconduct. Plaintiff's Eighth Amendment claims against Defendant Briske for the denial of insulin remains in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff sues Defendants Registered Nurse Unknown Briske, Sergeant Unknown Porter, Registered Nurse Nicki Monroe, and Corrections Officer Cameron Fink.

In his complaint, Plaintiff alleges that on May 28, 2023, while he was in the START program at ECF, Defendant Briske told him to stick his "thumb up [his] ass and put it in [his] mouth." (ECF No. 1, PageID.4.) Defendant Briske then wrote a false threatening behavior misconduct on Plaintiff, which was dismissed on June 21, 2023. (*Id.*)

Plaintiff states that Defendant Briske continually harassed him, made threats toward him, and refused to give him his insulin and that corrections officers failed to intervene and protect him. Plaintiff further states that Defendant Fink was present on May 28, 2023, and overheard the remark made by Defendant Briske. (*Id.*)

Plaintiff sent a medical kite to Defendant Monroe on May 30, 2023, complaining about Defendant Briske. (*Id.*) Plaintiff also wrote a letter to Internal

Affairs because ECF Health Care and Administrative staff refused to conduct an investigation. Three months later, Defendant Porter interviewed Plaintiff but refused to speak with Plaintiff's witnesses. (*Id.*) On October 6, 2023, Defendant Porter falsified an interference with the administration of rules misconduct on Plaintiff. Plaintiff was found guilty and received five days on toplock and twenty days loss of privileges. (*Id.*)

Plaintiff states that Defendant Briske's refusal to give him his insulin on unspecified dates could have caused him harm and that her verbal harassment of him caused him to suffer depression and humiliation. Plaintiff asserts that custody and administrative staff are liable for failing to protect him from Defendant Briske. Plaintiff seeks equitable relief, requesting, among other things, that Defendants "be held accountable." (*Id.*, PageID.5.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

5

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.   Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Defendant Monroe

Plaintiff's only allegation against Defendant Monroe is that he kited her on May 30, 2023, to complain about Defendant Briske.   Plaintiff fails to allege that Defendant Monroe took any action against him, other than to suggest that Defendant Monroe failed to adequately supervise her subordinates.   Government officials may not be held liable for the unconstitutional conduct of their subordinates under a

6

theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*,

423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendant Monroe encouraged or condoned the conduct of her subordinates, or authorized, approved or knowingly acquiesced in the conduct.  Indeed, he fails to allege any facts at all about their conduct.  His vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendant Monroe was personally involved in the events surrounding Plaintiff's reclassification to administrative segregation. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.  Because Plaintiff's § 1983 claim against Defendant Monroe is premised on nothing more than respondeat superior liability, his claims against her are properly dismissed for failure to state a claim.

### B.    Defendant Briske

Plaintiff alleges that Defendant Briske told him to "stick [his] thumb up [his] ass and put it in [his] mouth" on May 28, 2023.  (ECF No. 1, PageID.4.)  Plaintiff also makes a conclusory assertion that Defendant Briske "repeatedly continue[d] to harass" Plaintiff in order to degrade him and that she "refused to give [him his] insulin."  (*Id.*)  Additionally, Plaintiff claims that Defendant Briske wrote a false misconduct on him for threatening behavior/insolence.  (*Id.*)

### 1.    Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.  "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'"  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).  As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim."  *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety."  *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical

9

claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).   The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37.  To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety."  *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Id.* at 842.  "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."  *Id.* at 836.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Id.* at 844.

The Court notes that to the extent that Plaintiff is claiming that Defendant Briske verbally harassed him and wrote him a misconduct ticket, "neither verbal harassment or threats nor the filing of a false misconduct report constitute punishment within the context of the Eighth Amendment." *Briggs v. Burke*, No. 1:13-CV-1160, 2014 WL 204038, at *4 (W.D. Mich. Jan. 17, 2014) (citing *Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir.2001); *Williams v. Reynolds,* No. 98–2138, 1999 WL 1021856, at *1 (6th Cir. Nov.3, 1999); *Tillman v. Huss,* No. 1:13–cv–297, 2013 WL 4499228, at * 11 (W.D. Mich. Aug.19, 2013)).

10

However, with respect to Plaintiff's claim that Defendant Briske deliberately denied him his insulin, the Court concludes that although this assertion is largely conclusory, it is sufficient to state Eighth Amendment claim at this stage of the proceedings. *Id.* Therefore, Plaintiff's Eighth Amendment claim against Defendant Briske for denying him insulin on unspecified occasions will not be dismissed on screening.

### 2. Due Process

Plaintiff claims that Defendant Briske wrote a false misconduct on him for threatening behavior / insolence. (ECF No. 1, PageID.4.) The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: [T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause.

11

According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

In this case, Plaintiff alleges that the misconduct ticket was dismissed on June 21, 2023. (ECF No. 1, PageID.4.) Plaintiff does not allege any facts showing that he was subjected to any sanctions at all, much less one that would inevitably affect the duration of his sentence or imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Therefore, Plaintiff fails to state a due process claim against Defendant Briske.

### 3. Retaliation

To the extent that Plaintiff is claiming that Defendant Briske retaliated against him when writing the misconduct ticket, this claim lacks merit. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Plaintiff fails to allege that he engaged in any protected conduct prior to Defendant Briske writing the misconduct ticket on him. Therefore,

Plaintiff fails to establish the first element of a retaliation claim against Defendant Briske.

### C.    Defendant Fink

Plaintiff asserts that Defendant Fink was present when Defendant Briske verbally harassed him and failed to intervene on his behalf.[2]   As noted above, Plaintiff's claim that Defendant Briske verbally harassed him does not rise to the level of an Eighth Amendment violation.  Therefore, Plaintiff's claim that Defendant Fink failed to protect him from the verbal harassment also fails to state a claim under the Eighth Amendment.

### D.    Defendant Porter

Plaintiff asserts that three months after he wrote a letter to Internal Affairs regarding the failure of Health Care and Administrative staff to conduct an investigation, Defendant Porter interviewed Plaintiff but refused to speak with his witnesses.  (ECF No. 1, PageID.4.)  On October 6, 2023, Defendant Porter falsified an interference with the administration of rules misconduct on Plaintiff.  Plaintiff was found guilty and received five days on toplock and twenty days loss of privileges.  (*Id.*)

#### 1.    Due Process

As noted above, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation

---

[2] Plaintiff does not allege that Defendant Fink was present when Defendant Briske denied him insulin, or that Defendant Fink was aware such a denial.

to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones*, 155 F.3d at 812; *Rimmer-Bey*, 62 F.3d at 790–91.

The Court notes that pursuant to MDOC Policy Directive 03.03.105, Attachment B, a misconduct for interference with the administration of rules is a class II misconduct.  Under MDOC Policy Directive 03.03.105, ¶ C (eff. Apr. 18, 2022), a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts.

Plaintiff alleges that as a result of his class II misconduct conviction, he received five days on toplock and twenty days loss of privileges.  Pursuant to MDOC Policy Directive 03.03.105, the "loss of privileges" sanction involves the loss of various privileges, such as access to the day room, exercise facilities, group meetings, "[o]ut of cell hobbycraft activities," the kitchen area, the general library (not including the law library), movies, music practice, and other "[l]eisure time activities." MDOC Policy Directive 03.03.105, Attach. E (eff. Apr. 18, 2022).

Such sanctions do not affect the duration of Plaintiff's sentence or impose an atypical and significant hardship on Plaintiff.  *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (holding that a fourteen-day loss-of-privileges sanction did not implicate the due-process clause); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (nine-month loss of package privileges did not impose an atypical and significant hardship); *Miles v. Helinski*, No. 20-1279, 2021 WL 1238562, at *4 (6th Cir. Jan. 29, 2021) (five days' toplock and five days' loss of privileges fails to state a due process claim); *Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *3 (6th

14

Cir. Nov. 9, 2017) ("thirty days' loss of privileges—did not implicate a protected liberty interest"); *Langford, v. Koskela*, No. 16-1435, 2017 WL 6803554, at *3 (6th Cir. Jan. 24, 2017) (thirty-days' toplock and thirty-days' loss of privileges "does not amount to an 'atypical and significant hardship'"). Therefore, Plaintiff fails to state a due process claim against Defendant Porter.

### 2. Retaliation

To the extent that Plaintiff is claiming that Defendant Porter retaliated against him when writing the misconduct ticket, this claim lacks merit. As noted above, a plaintiff must establish three elements in order to set forth a First Amendment retaliation claim: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez*

15

*v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that Defendant Porter retaliated against him because of his letter to internal affairs. Accordingly, he fails to state a retaliation claim against Defendant Porter. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Conclusion

The Court will grant Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2). Having conducted the review required by the PLRA, the Court determines that Defendants Porter, Monroe, and Fink will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendant Briske: Plaintiff's due process claim and his Eighth Amendment claim based on verbal harassment and the writing of a false misconduct. Plaintiff's Eighth Amendment claim against Defendant Briske for the denial of insulin remains in the case.

An order consistent with this opinion will be entered.


Dated:  May 16, 2024                          /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge